THE MCCALL COMPANY *vs.* JOHN JANNETTY.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A finding of facts should not contain hypothetical statements.

The defendant became the local agent of the plaintiff for the sale and distribution of its patterns and other publications under a written contract which, as originally drawn, required him to maintain on hand a stock of goods of the value of $500. Upon objection of the defendant to this provision, the contract was amended by indorsement to read: "It is agreed and understood that Mr. Jannetty can increase stock within six months' time from July 18th, and that the McCall Company will carry fifty per cent of any such increase on standing credit." Despite this amendment, and notwithstanding the plaintiff's assurance that it would not require him to comply with the original provision, the defendant repudiated the contract on the ground that he had never agreed to carry $500 worth of stock. The trial court found that the indorsement was made with the intention of obviating the defendant's objection, and that his repudiation of the contract was unjustified. *Held* that the defendant was in no position to object to the trial court's construction of the amendment, which was in precise accordance with his own.

Argued June 8th—decided July 25th, 1927.

ACTION to recover damages for alleged breach of contract by the defendant to purchase from the plaintiff a quantity of fashion magazines, patterns and other

articles of personal property, brought to the Superior Court in New Haven County and tried to the court, *Marvin, J.;* judgment for the plaintiff for $652, and appeal by the defendant. *No error.*

*Humbert E. Mangini,* for the appellant (defendant).

*Phillip N. Bernstein,* for the appellee (plaintiff).

BANKS, J. On July 18th, 1924, the plaintiff and defendant entered into an agreement in writing whereby the defendant became the agent of the plaintiff for the sale and distribution of its patterns and other publications for a period of five years and agreed to purchase (a) a stock of McCall's patterns of the value of $100, (b) a stock of new patterns monthly of the value of $25 a month during the five-year period, (c) McCall's fashion sheets and other publications as specified in the agreement. By the terms of the agreement as originally written the defendant agreed to maintain on hand a stock of plaintiff's patterns of not less than $500 at fifty per cent of labelled retail prices. The defendant was unwilling to agree to maintain so large a stock of patterns on hand, and to meet his objection this clause was amended by memorandum on the back of the contract as follows: "It is agreed and understood that Mr. Jannetty can increase stock within six months' time from July 18th, and that the McCall Company will carry fifty per cent of any such increase on standing credit." This memorandum was placed upon the back of the contract in the presence of the defendant by the plaintiff's agent, the intention of both the defendant and the agent being to relieve the defendant from any obligation to maintain on hand a stock of any fixed amount. On July 31st and August 7th defendant wrote plaintiff asking it to cancel his

order for the reason that he did not agree to the clause that he should carry not less than $500 of stock, and again wrote on August 11th asking cancellation on the ground that he did not expect to be in business much longer. Plaintiff replied declining to cancel the order and to the effect that it did not require him to maintain a stock of $500. On August 12th plaintiff shipped to defendant certain patterns and other articles in accordance with the agreement which defendant refused to accept and repudiated the contract.

Defendant in a special defense alleged that his execution of the contract was produced by false and fraudulent representations of the agent of the plaintiff, but the trial court found against him on that issue, and the appeal from that finding was not pursued. With that issue out of the case it is somewhat difficult to ascertain in what respect the appellant claims the judgment to have been erroneous. His repudiation of the contract was ostensibly based upon his claim that the contract as executed required him to maintain on hand a stock of not less than $500 of plaintiff's patterns and that this was contrary to his understanding and agreement at the time the contract was signed. It is found that the defendant was unwilling to maintain such an amount of stock on hand and refused to engage to do so, and that in order to meet this objection the indorsement was placed upon the back of the contract by plaintiff's agent, the intention of defendant and the agent being that the effect of the indorsement should be to relieve defendant of any obligation to maintain on hand stock of any fixed amount. The language of the indorsement is somewhat ambiguous, but the court construed it as relieving defendant of any obligation to carry a stock of $500, and the finding that this was the intention of the parties in making the indorsement was made in response to defendant's

motion to correct the finding as originally filed. Defendant cannot well object to a construction of the contract which relieves him of an obligation which he was unwilling to assume and which effectuates his intention at the time the contract was executed. His position is the somewhat anomalous one of seeking to repudiate a contract upon the ground that it bound him to do something that the other party to the contract does not claim that it required him to do and that the court has found it did not require him to do, and then claiming that there was error in this conclusion of the court construing the contract precisely in accordance with his own understanding and agreement as to what it was to provide. Defendant assumes that the trial court found that the minds of the parties never met upon the subject-matter of this contract and argues that the trial court in its judgment attempted to reform a contract when no such relief was sought in the complaint. This assumption and argument is based upon paragraph 6c of the finding as corrected, which states that "in so far as the executed contract bears a different construction [from that placed upon it by the court], it sets forth an agreement upon which the minds of the parties never met, and in the making of which there was a mutual mistake." This is obviously not a finding that there was not a meeting of the minds of the parties or that there was a mutual mistake. The court says, in effect, that if the contract was something other than it has found it to be, it would not have expressed the true intent of the parties. This of course is not a finding of a fact and such a hypothetical statement has no proper place in a finding of facts. The finding that it was the intention of the defendant and the plaintiff's agent that the indorsement upon the back of the contract should relieve the defendant of any obligation to maintain on hand a

stock of any fixed amount, is in effect a finding that the minds of the parties did meet upon that clause, both understanding it as the court itself construed it.

The trial court held that the provision in the contract regarding the carrying of a stock of $500, and the memorandum modifying it, constituted a separate and distinct part of the contract, and this conclusion is attacked in the assignments of error. In view of the construction placed upon this memorandum by the trial court, which removed from the contract the objectionable obligation which was the basis of defendant's attempted repudiation, it becomes immaterial whether the contract be held entire or separable. Defendant's repudiation of the contract was apparently inspired by the fear that the contract would require him to do something which the plaintiff did not claim that it required him to do, and in an attempt to justify his repudiation he now complains of a construction of the contract which relieved him of the very obligation the imposition of which was the only excuse for his repudiation. The assignment of error in the assessment of damages was not pursued in brief or argument.

There is no error.

In this opinion the other judges concurred.